Good morning, Your Honors. May it please the Court, Michael Tanaka, appearing on behalf of Mr. Hernandez-Gonzalez. I want to talk about two issues briefly. I want to address whether a remand is required in this case. I'll spend the bulk of my time addressing the constitutionality of the Acceptance Responsibility Guideline. Sentencing this Court was before the United States Supreme Court's decision in the United States v. Booker. Therefore, although Judge Rehl didn't apply the guidelines as mandatory, in fact, he did just the opposite, nonetheless, remand is still required. And that's … CHIEF JUSTICE ROBERTS Well, I'm not quite sure why, because he gave a 60-month sentence. And the guidelines, even if they were constitutional, call for a higher range, do they not? MR. HERNANDEZ-GONZALEZ That's correct, Your Honor. CHIEF JUSTICE ROBERTS So your only prospect would be to have the guidelines declared by this Court to be unconstitutional. MR. HERNANDEZ-GONZALEZ Well, not exactly, Your Honor. I believe what would be required would be a mandate that the case go back for resentencing under the specific factors of 3553A and a consideration of those factors. It appears that the district court judge sentenced under a pre-guideline regime, which is not what exists now. CHIEF JUSTICE ROBERTS Don't you risk a very serious prospect that you'll get a higher sentence if you go back? You got 60, and the guideline range is 77 to 96. MR. HERNANDEZ-GONZALEZ I understand that that's a risk, Your Honor, but it's a risk my client is willing to take based on current law. CHIEF JUSTICE ROBERTS Does it make a difference whether we review for plain error or harmless error? MR. HERNANDEZ-GONZALEZ In terms of the... CHIEF JUSTICE ROBERTS What we should do with the case? MR. HERNANDEZ-GONZALEZ No, I don't think it does, Your Honor. CHIEF JUSTICE ROBERTS Why not? MR. HERNANDEZ-GONZALEZ Because... CHIEF JUSTICE ROBERTS And why would we review for anything but plain error? MR. HERNANDEZ-GONZALEZ Clearly, they were operating under the assumption that there was a constitutional problem with the guidelines. I think the case, the sentencing, took place after this Court's decision, the first decision in Ameline. So the Sixth Amendment issue was before the court. CHIEF JUSTICE ROBERTS Raising a Sixth Amendment issue, is that sufficient to also raise the problems with respect to 35, was it 3553 or whatever it is? MR. HERNANDEZ-GONZALEZ Well, it doesn't... No, I mean, no one anticipated Booker, to be honest, that... CHIEF JUSTICE ROBERTS No one anticipated the remedy in Booker. MR. HERNANDEZ-GONZALEZ That's correct. The constitutional problem was pointed out, though, that certainly the sentencing position papers raised the constitutional issue about the Sixth Amendment issue and the guidelines. CHIEF JUSTICE ROBERTS So if we review for harmless error, the burden is on the government to convince us that, you know, this didn't affect his sentence. If we review for plain error, the burden is on you to show us it's reasonably likely that he would have gotten, you know, a different sentence had the judge considered the statutory factors. MR. HERNANDEZ-GONZALEZ That's probably correct. But under this case, it's jurisprudence in both Ameline and Bonk. CHIEF JUSTICE ROBERTS Well, Ameline's different. If you get an Ameline remand, all we do is just send it back down and say, Judge, would you do anything different? If so, we sentence him.  MR. HERNANDEZ-GONZALEZ That's correct. CHIEF JUSTICE ROBERTS So is that all you're asking for? MR. HERNANDEZ-GONZALEZ That's all we're asking for. CHIEF JUSTICE ROBERTS So you're only asking for an Ameline remand. MR. HERNANDEZ-GONZALEZ That's correct. CHIEF JUSTICE ROBERTS Nothing more. MR. HERNANDEZ-GONZALEZ Well, Ameline remand in the sense with the added proviso that the judge consider it under the 5550. CHIEF JUSTICE ROBERTS Well, that's not what Ameline does. That's not what Ameline does. Ameline just says, well, send it back. You know, Ameline arises in the context of plain air. It's a third prong, substantial rights. Right? So we said in Ameline, well, gee, we can't tell. What the district court would do here had the district court understood it was operating under an advisory guideline system. So in answering that question, we're going to send it back to the district court and say, answer this question. Would you do anything different? Judge says, looks at it and says, no, I wouldn't do anything different. Sentence stands. Now, if we vacate the sentence and send it back and the judge has to start from scratch, that's the difference. So what are you asking for? CHIEF JUSTICE ROBERTS Well, as set out that way, I guess I'm asking for a complete remand and vacate the sentence. CHIEF JUSTICE ROBERTS Well, you must not be sure of that because just a minute ago you said you were asking for an Ameline remand. CHIEF JUSTICE ROBERTS Well, I guess your understanding and my understanding of the Ameline remand procedure would be different in the sense in the case, in this case. The normal case is the court is operating under the assumption that the guidelines are mandatory. And we send it back and say, hey, what would you have done? In this case, the judge is operating on the assumption that the guidelines don't exist or are without any effect whatsoever. So. So he says, in other words, let me let me see if I understand your argument. So in other words, he the judge basically bought your argument. The guidelines were unconstitutional. And he said, I'm going to send you, but I'm not going to really I'm not going to consider these guidelines. And here's a sentence I think you should get based on your record. He didn't say anything. You know, he didn't say anything. But, you know, I guess he must have looked at something. Right. I guess he did. It's not clear that he looked at the right factors. Some place he picked out somewhere in this, you know, in the grand scheme of things, he picked out five years, right? That's correct, Your Honor. And that's precisely what occurred before the Sentencing Reform Act. This was a pre-Sentencing Reform Act sentencing. And that's not the scheme that we're operating under today. I mean, it was clear error in any case. So what leads you to suggest that if we were to send this back and vacate the sentence that it's reasonably likely to take up Judge O'Scanlan's comment, that it's reasonably likely that he would impose a lesser sentence, something less than five years? What do you opinion? I'm not sure that that's the analysis. You can point to anything in the record that would suggest a different sentence. What do you look at? What do we look at? There is nothing. But the error still exists that he didn't consider the right factors. The sentence is still improper, whether it comes out to 60 considering the right factors or not. So we should just make him do it over again and just make him comply with the law, basically. That's at the bottom. That's at your bottom line. That's correct, Your Honor. That Booker outlines what the law is. And the sentence clearly didn't follow it. But Booker recognizes the guidelines to be constitutional, not mandatory, but constitutional. That's correct. And that's the problem in this case. The district court judge in this case operated as if the guidelines were totally unconstitutional and actually read them out as far as I could tell from the record. His only reference to the guidelines is that he's operating under a pre-guideline sentence where the guidelines don't exist. And, of course, the guidelines exist today. They're not mandatory, but they do exist. And they do constitute one factor that the Court needs to consider in imposing a pre-guideline sentence. The Court didn't do so in this case. It needs to be remanded. Briefly, in doing so, in considering the guidelines, then that brings up the second issue, and that's whether the acceptance of responsibility guideline passes constitutional muster as it's been amended. This Court has said that — Well, now, wait a minute. Can you — do you have standing to challenge the constitutionality of the guidelines at this point? I mean, you can't have it both ways. You can't say, on the one hand, that Judge Reel was wrong in holding them unconstitutional and then come back and argue that, well, they are constitutional to the extent that we have to apply the factors. I'm really lost on your argument. I'm sorry. Well, assuming that Judge Reel was wrong in not applying the guidelines, then the case goes back. Then we have to start again at one point of the guideline calculation. At that point, the constitutionality of the guideline, as it was calculated by the probation officer and it was argued by the parties, comes into play. Certainly, this Court has faced many cases post-Booker where there were guideline calculations that were of significance and resolved those issues, even though the guidelines weren't mandatory and even though a remand is going to be required. In fact, it's because a remand is required that the Court needs to address this issue. Okay. Why don't you reserve the rest of your time and we'll hear from the government. Good morning, Your Honor. This is Rosalyn Wang on behalf of the United States. The government's main argument in this case is that even if there was error, there wasn't any prejudice in this case. If there is plain error, what do we view for plain error? Do we view for harmless error? What are we doing? Can we just advocate that we should do an Ameline remand? Well, first of all, I don't believe that an Ameline remand would do anything because in Ameline, the point of that case is to ask the district judge, would you have done anything different if you knew the guidelines were not mandatory? In this case, the district court didn't believe in the guidelines. And so, I mean, in that case, the answer is obviously no, I wouldn't have done anything differently. In terms of plain error versus harmless error, Ameline says that if there isn't a Sixth Amendment violation, which there isn't in this case, it is a plain error standard. He objected below, though, didn't he? He objected to the constitutionality of the guidelines. Why is that sufficient to pick up this particular problem? Nobody would have envisioned at that time, you know, we had held in Ameline 1 that the guidelines were constitutional and we overlaid a jury determination for, you know, facts that affect enhancements. Right, Your Honor. Well, because in this case, it really is the opposite issue. He's arguing the judge didn't consider the guidelines. And in order to preserve that error below, it would have been, well, Your Honor, you should consider the guidelines. On one hand, he would have had to argue, well, the guidelines are unconstitutional. But we know, you know, just to be on the safe side over here, you should consider the guidelines. He had to make both arguments. Exactly, Your Honor. That doesn't make any sense to me. Why would a good advocate do that? If he believed that the guidelines in some respect would have helped him in the sentencing below. And in this case, there's really no evidence why consideration of the guidelines would have helped him. He did make some guidelines argument during the sentencing below. And on appeal, he doesn't really point to anything that he would have argued to the court had the court known that the guidelines were not mandatory. It is awkward. It was a difficult situation at the time because, you know, we had said the guidelines were constitutional. Judge Real felt they were unconstitutional. You know, the whole thing was unconstitutional. Right. You know, his assessment. I guess he didn't buy the remedy that we had imposed in Emily one. So things were kind of uncertain at the time, to say the least. That's true. And counsel to affirm a case in which the premise of the sentencing judge is that the guidelines are unconstitutional. The first and only time that I'm aware of that they've been held by any federal judge in this circuit to be unconstitutional. I know in this case just because because the question the issue is, is the sentence unreasonably high? And in light of the current law, and is there prejudice to apply to determine if it's unreasonably high? Well, the law currently is, you know, as it is under Booker, which is, you know, you look at the 35, 53 factors, you consider the guidelines. And, you know, as the government outlined in its brief, 60 months. The argument is that the judge erred because he did not look at the 35, 53 factors. Well, under the under the pre guidelines laws, certainly the district. You can't do that at this level, obviously. No findings. Well, he did say that he was sentencing the defendant under old law under pre guidelines factors, which in that scenario of the district judge does have the discretion to take into account all those things that are outlined in 35, 53. But he didn't do that in this case, did he? He rather there's there's no requirement that he go through all the 35, 53 factors on the record. But we can do it even if he doesn't. Is that what you're arguing? No, the argument simply is just that defendant needs to show prejudice in order to have the case go back for resentencing. OK, that's probably your strongest argument. But I'm still just a little uncomfortable with the idea of affirming a sentence where the judge expressly finds the Constitution, the guidelines to be unconstitutional. Give me some comfort. Generally, because in this case, he his failure to consider the guidelines was not harmful to defendant. And it is in this appeal. It's defendants rights that we're concerned about. And defendant doesn't say that I was harmed by this failure. Yeah, well, the defendant is willing to roll the dice again. I specifically asked opposing counsel about that. And he said that, you know, sure, it says 77 to 96, but we'll take our chances. Well, I guess my response to that would be Booker doesn't contemplate that every single case gets to go back for a remand. Booker contemplates that the appellate courts are going to serve some kind of reading function. And they say, well, either harmless error or under plain error analysis. And both of those tests contemplate a prejudice component. In fact, all the cases cited in both the briefs talking about resentencing contemplate a prejudice component. So this particular case is kind of unique. It is unique. Very unique. Right. The district court basically said, forget the Sentencing Reform Act of 19. What was it, 86? 83, Your Honor. That's right. And we're just going to go back to pre-sentencing reform act law. And great, you know, sentence that way today. I don't know where the authority comes from that. Counsel, anything further to add? Nothing, unless the. Let's hear from the other side. I'm interested in whether you have any further thoughts in light of this exchange, counsel, Mr. Tanaka. Briefly, Your Honor, in terms of prejudice, this is one of those cases where prejudice is indeterminate, indeterminable. That is because the judge operated so far outside of what the law was. There can be. I guess it's possible that they have the record and different. But we can't really know what the prejudice is because he was operating outside the framework of what the law is. So it's a case that it's almost presumption. Prejudice has to be presumed because the premise was so faulty. OK, thanks very much. The case just argued will be submitted for.
judges: Hall, O'scannlain, Paez